JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER L. DAVIDSON TRUSTEE OF THE ROGER L. DAVIDSON AND ROBIN DAVIDSON REVOCABLE TRUST,<br><br>            Plaintiff,<br><br>   v.<br><br>JOE MOLINA, AND DOES 1 TO 5,<br><br>            Defendant. | No. CV 15-3720 CAS (FFMx)<br><br>ORDER SUMMARILY REMANDING ACTION TO STATE COURT |

     The Court will remand this action to state court summarily because Defendant removed it improperly.

     On May 18, 2015, Defendant Joe Molina, having been sued in what appears to be a routine unlawful detainer action in California state court (Los Angeles Superior Court Case No. 15UN1178), filed a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*.

     The Court has denied the *in forma pauperis* application under separate cover because the Court lacks jurisdiction over the action. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

/ / /

Simply stated, as the Court has previously determined, Plaintiff could not have brought this action in federal court in the first place, in that Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship existed, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000.

Nor does Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Los Angeles, Southeast Judicial District, 12720 Norwalk Blvd., Norwalk, California 90650 for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: May 22, 2015

CHRISTINA A. SNYDER
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
   FREDERICK F. MUMM
United States Magistrate Judge

2

**ATTACHMENT**

On April 13, 2015, a Complaint for Unlawful Detainer (Case No. 15UN1178) was filed by Plaintiff Roger L. Davidson, Trustee of the Roger L. Davidson and Robin Davidson Revocable Trust, in Los Angeles County Superior Court against Defendant Joe Molina and Does 1 to 5.

On May 18, 2015, Defendant filed in this Court a "Request to Proceed In Forma Pauperis with Declaration in Support" and a Notice of Removal alleging the existence of federal question and diversity jurisdiction. (*See* Notice of Removal at 1-5.)

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. §1441. If after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits that removal shall not be permitted, the court shall make a summary order of remand." 28 U.S.C. §1447(c). These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009).

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. *Vaden v. Discovery Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id*. at 61.

Federal Courts also have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Diversity jurisdiction is not applicable because the Complaint avers that the amount in controversy does not exceed $10,000. Moreover, Defendant fails to support the assertion that the action arises under federal law. A federal court must determine its own jurisdiction from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987). A federal court has jurisdiction over claims "arising under"

federal law. 28 U.S.C. §1331. The federal question must be clear from the well-pled complaint; a responsive pleading such as a counterclaim, cross-claim, or third party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 122 S. Ct. 1889 (2002).

In this case, removal is improper in that Plaintiff could not have initiated this unlawful detainer action in federal court. Therefore, Defendant's request to proceed in forma pauperis is futile and should be denied for that reason.

4